IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TAMMY L. LEE,                    )
                                 )
            Plaintiff,           )
                                 )
    v.                           )    No.  07 C 3105
                                 )
PERSONAL BEST, INC., et al.,     )
                                 )
            Defendants.          )

## MEMORANDUM ORDER

Personal Best, Inc. and Charles Brown have filed a Notice of Removal ("Notice")[1] to bring this personal injury action from the Circuit Court of Cook County to this District Court, predicating federal jurisdiction on diversity of citizenship grounds. This memorandum order is issued sua sponte to require defense counsel to plug an obvious gap in the Notice.

There is no problem with counsel's handling of the citizenship issue: Notice ¶¶8 through 10 confirm the total diversity that has been required ever since Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806). Where the problem lies instead is in the Notice's handling of the jurisdictional amount in controversy.

Because Illinois law forbids the assertion of a specific ad damnum in personal injury cases, the Complaint prays for an award

---

[1] Despite the fact that the statutory terminology in that respect was revised more than 15 years ago, defense counsel have labeled their filing under the old "Petition for Removal" heading. They ought to buy a new form book.

in excess of $30,000, the watershed amount needed to bring the action into the Circuit Court's Law Division. That is supplemented by an affidavit claiming damages in excess of $50,000, necessary under Ill. S.Ct. Rule 222(b) to render inapplicable the limited and simplified discovery provided for in Ill. S.Ct. Rule 222. But that amplification still leaves the plaintiff-identified damage figure below the $75,000-plus amount required for federal diversity jurisdiction under 28 U.S.C. §1332.

To be sure, Complaint ¶9 employs the conventional locution that plaintiff was rendered "sick, sore, lame and disordered" by the collision that has given rise to the lawsuit, and Complaint ¶9 goes on to elaborate the consequences sustained by plaintiff. But particularly in light of the new pleading regime announced in Bell Atl. Corp. v. Twombly, 75 U.S.L.W. 4337, 4340-42 (U.S. May 21, 2007), more is needed.

Accordingly defense counsel are ordered to file an appropriate amendment to the Notice on or before June 15, 2007. In the meantime, on the assumption that defense counsel will be able to do so successfully, this Court is contemporaneously entering its usual initial scheduling order.

_____
Milton I. Shadur
Senior United States District Judge

Date: June 5, 2007

in excess of $30,000, the watershed amount needed to bring the action into the Circuit Court's Law Division. That is supplemented by an affidavit claiming damages in excess of $50,000, necessary under Ill. S.Ct. Rule 222(b) to render inapplicable the limited and simplified discovery provided for in Ill. S.Ct. Rule 222. But that amplification still leaves the plaintiff-identified damage figure below the $75,000-plus amount required for federal diversity jurisdiction under 28 U.S.C. §1332.

To be sure, Complaint ¶9 employs the conventional locution that plaintiff was rendered "sick, sore, lame and disordered" by the collision that has given rise to the lawsuit, and Complaint ¶9 goes on to elaborate the consequences sustained by plaintiff. But particularly in light of the new pleading regime announced in Bell Atl. Corp. v. Twombly, 75 U.S.L.W. 4337, 4340-42 (U.S. May 21, 2007), more is needed.

Accordingly defense counsel are ordered to file an appropriate amendment to the Notice on or before June 15, 2007. In the meantime, on the assumption that defense counsel will be able to do so successfully, this Court is contemporaneously entering its usual initial scheduling order.

_____
Milton I. Shadur
Senior United States District Judge

Date: June 5, 2007